IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

May 20, 2002

Donald P. Russo [mailed]
Sean M. Hart [mailed]

Re:   Carolyn Bartholomew v. St. Lukes Hospital - Allentown Campus
      Civil Action No. 02-2876

RULE 16 CONFERENCE ORDER

Please be advised that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a **Telephone Status Conference** in the above-captioned case will be held on **Wednesday, July 3, 2002** at **4:00 p.m.**  Plaintiff's counsel shall initiate the telephone call.  Judge McLaughlin's chambers telephone number is 267-299-7600.

Attached is a Case Status Report form which you are to complete and forward to the Court by mail or fax at least three (3) days prior to the conference.  Chambers fax number is (267) 299-5071.

**Lead Trial Counsel** are expected to participate in the conference.  All participants in this conference shall have full authority and are expected to be prepared to discuss the following:

(a)   jurisdictional defects, if any;
(b)   the possibility of an amicable settlement;
(c)   alternative dispute resolution;
(d)   time limitations within which additional parties may be joined and pleadings may be amended, if necessary;
(e)   scheduling for remaining pretrial proceedings including discovery deadlines, filing of motions, hearings, and future pretrial conferences if deemed necessary;
(f)   scheduling a date for trial; and
(g)   any other appropriate matters which would facilitate the disposition of the case.

A Scheduling Order will be entered as a result of this conference.

Prior to attending the conference, participants are expected to have conferred with each other about each of the above-listed items.  Plaintiff's counsel shall initiate the discussions, including discussion of settlement.

## DISCOVERY DISPUTES

When a discovery dispute arises, counsel are strongly urged to settle it among themselves. However, if after making a good faith effort, counsel are unable to resolve a disputed issue, counsel for the aggrieved party shall file with the Court a motion in conformity with Local Civil Rule 26.1(b), with a form of order, and a short brief not to exceed five (5) pages describing the disputed issue(s). In situations covered by Local Civil Rule 26.1(g) no brief shall be required. <u>All motions must contain the certification required under Local Civil Rule 26.1(f)</u>. No extensions of time will be granted except by leave of Court for good cause shown.

In most cases, the Court will schedule a conference with counsel either by telephone or in Chambers within a few days after the filing of the motion.

## MOTION PRACTICE
(other than discovery)

Except as set forth herein, motion practice will be conducted in accordance with Local Civil Rule 7.1.

The originals of all motions and briefs shall be filed with the Clerk. <u>A copy of same shall be delivered to Judge McLaughlin's chambers</u>.

A reply brief, addressing arguments raised in the brief in opposition to the motion, may be filed and served by the moving party <u>within seven (7) days</u> after service of the brief in opposition to the motion. However, the Court will not necessarily delay its decision while awaiting a reply brief. No reply brief shall exceed fifteen (15) pages. <u>Every factual assertion in a brief shall be supported by a citation to the record where that fact may be found</u>. Both legal citations and citations to the record shall include pinpoint cites.

No further briefs may be filed, and no extension of time will be granted without leave of Court for good cause shown.

_____
Carol D. James
Deputy Clerk to Judge McLaughlin
(267) 299-7600

DATED 8/1/00

Attachment

<u>CASE STATUS REPORT</u>

Civil Action No.: _____     Jury (__)   Non-Jury (__)

Caption of Case: _____

Date Service of Process Made: _____

Name of Trial Counsel: _____

Representing: _____

Law Firm: _____

Address: _____

Telephone No.: (____)_____

1.  This case has been/should be consolidated with Civil Action No.(s): _____

2.  If this case should be consolidated with another civil action, state the reason why it should be consolidated.
    _____

3.  By what date can discovery be completed? _____

4.  Do you anticipate using any expert witnesses? _____

5.  By what date will this case be ready for trial? _____

6.  What is the total time necessary to present your case?
    _____

7.  What portion of this is liability? _____ Damages? _____

8.  What is your estimate of the total time required for the entire trial? _____

9.  Would an early settlement conference be helpful in effecting a settlement of this case? Yes (___)  No (___)

10. If the answer is "yes," when would be the most appropriate time for such a conference? _____

11. Do you have any special comment to make or special issue or problem to raise concerning the case? If so, please use the reverse side.
----------------------------------------------------------------
12. THE FOLLOWING CERTIFICATION <u>MUST</u> BE EXECUTED BY COUNSEL:

    I HEREBY CERTIFY THAT PRIOR TO SUBMITTING THIS FORM <u>I SPOKE</u> WITH COUNSEL FOR ALL OTHER PARTIES AND CAREFULLY EXPLORED SETTLEMENT OF THIS ACTION.

_____        _____
Counsel for                        Date