IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLYN BARTHOLOMEW,** : | |
| : | No. 02-CV-2876 |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **ST. LUKE'S HOSPITAL—ALLENTOWN** : | |
| **CAMPUS,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the Plaintiff's Motion to Defer Response to the Defendant's Motion for Sanctions pursuant to F.R.C.P. No. 11 as well as the Plaintiff's Memorandum of Law in Support thereof, and in consideration of the response thereto filed by the Defendant, it is hereby Ordered and Decreed that the Plaintiff may file her Memorandum of Law in Opposition to Defendant's Motion for Sanctions pursuant to F.R.C.P. No. 11 within fourteen (14) days subsequent to the issuance by this Court of a decision in response to the Defendant's Motion for Summary Judgment.

BY THE COURT:

_____
Mary A. McLaughlin, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN BARTHOLOMEW, | : | |
| | : | No. 02-CV-2876 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ST. LUKE'S HOSPITAL—ALLENTOWN CAMPUS, | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**PLAINTIFF'S MOTION TO DEFER RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS UNDER F.R.C.P. NO. 11**

Plaintiff Carolyn Bartholomew, by and through her undersigned counsel, hereby avers that:

1. Plaintiff, on April 12, 2003, was served with a copy of Defendant's Motion for Sanctions.

2. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Sanctions is due on or before April 26, 2003.

3. Plaintiff believes, and therefore avers, that Defendant's Motion for Sanctions is moot, given the fact that the Defendant's Motion to Dismiss Plaintiff's Amended Complaint in the case at bar was denied in an Order entered by this Honorable Court on August 7, 2002.

4. Plaintiff further believes, and therefore avers, that in view of the fact that the Defendant's Motion for Summary Judgment was argued by the parties on April 4, 2003, and that said Motion remains under consideration by this Court, the Plaintiff should be permitted to defer her response to the Defendant's Motion for Sanctions under F.R.C.P. No. 11.

5. Plaintiff believes, and therefore avers, that in the final analysis, the overall nature of her final response to the Defendant's Motion for Sanctions ultimately will be defined by the outcome of this Court's decision in response to the Defendant's Motion for Summary Judgment.

WHEREFORE, for the reasons set forth above and for the reasons more fully outlined in the Plaintiff's supporting Memorandum of Law, the Plaintiff respectfully moves this Honorable Court to enter an Order permitting the Plaintiff to file her response to the Defendant's Motion for Sanctions pursuant to F.R.C.P. No. 11 fourteen (14) days subsequent to the issuance by the Court of a decision in response to the Defendant's Motion for Summary Judgment.

Respectfully submitted,

_____
DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff
117 East Broad Street
P.O. Box 1890
Bethlehem, PA  18016-1890
(610) 954-8093
Attorney I.D. #25873

## **CERTIFICATE OF SERVICE**

I, Donald P. Russo, Esquire do hereby certify that on this date, I served a true and correct copy of the within Plaintiff's Motion To Defer Response To Defendant's Motion For Sanctions Under F.R.C.P. No. 11, via regular first class mail, postage pre-paid, upon the following individual, addressed as follows:

Sean M. Hart, Esquire
HEIMBACH, SPITKO & HECKMAN
535 Hamilton Street, Suite 200
Allentown, PA  18101


Date: _____            _____
                                                                                    DONALD P. RUSSO, ESQUIRE
                                                                                    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN BARTHOLOMEW,  :  <br>                                      :  <br>           Plaintiff            :  <br>                                      :  <br>     v.                              :  <br>                                      :  <br>ST. LUKE'S HOSPITAL—ALLENTOWN :  <br>CAMPUS,                     :  <br>                                      :  <br>           Defendant         :  | No. 02-CV-2876 <br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DEFER FINAL RESPONSE TO THE DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. NO. 11**

**I.   INTRODUCTION AND PROCEDURAL BACKGROUND**

On July 1, 2002 the Plaintiff filed an Amended Complaint in this Court alleging age and sex discrimination in employment under the Age Discrimination in Employment Act, 29 U.S.C. 629 *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 2000 U.S.C. § 2000e-1 *et seq.* Invoking the court's supplemental jurisdiction, the Plaintiff has also brought a claim under the Pennsylvania Wage Payment and Collection Law, 43 P.S. Section 260.1 *et seq.* The Defendant filed a Motion to Dismiss the Plaintiff's Amended Complaint. The Defendant's Motion to Dismiss Plaintiff's Amended Complaint was denied in an Order entered by this Honorable Court on August 7, 2002.

After the completion of pretrial discovery, the Defendant filed a Motion for Summary Judgment. Plaintiff filed her Memorandum of Law in Opposition to Defendant's Motion for

Summary Judgment, and the parties orally argued their respective positions before the Court on April 4, 2003. As of April 22, 2003, the Court had not yet issued a decision on the Defendant's Motion for Summary Judgment. Defendant, on or about April 12, 2003, filed a Motion for Sanctions pursuant to F.R.C. P. No. 11. Plaintiff has filed a Motion to Defer her Response to the Defendant's Motion for Sanctions, pending the outcome of the Defendant's Motion for Summary Judgment. This Memorandum of Law has been filed by the Plaintiff in support of her Motion to Defer Response.

II.    **ARGUMENT**

    A.    **RULE 11 MOTIONS CANNOT BE USED AS A LITIGATION TACTIC.**

        1.    **Plaintiff's Amended Complaint Has Already Survived Court Scrutiny On One Previous Occasion;** *viz.*, **by Virtue of the Court's Order of August 7, 2002 Denying Defendant's Motion to Dismiss.**

Defendant has filed its Motion for Sanctions more than nine months after the Plaintiff filed her Amended Complaint in the case at bar. Moreover, when the Defendant filed its Motion for Sanctions on April 11, 2003, it was aware of the fact that its Motion to Dismiss the Plaintiff's Amended Complaint had previously been denied by an Order of Court entered on August 7, 2003. The Court has already had one opportunity to deny the Plaintiff's Amended complaint and did not do so. Filing a Rule 11 motion nearly a year after a case has been filed may indeed violate the requirement that such a motion be presented "as soon as possible after the discovery of the alleged Rule 11 violation". See Project 74 Allentown, Inc. v. Frost, et al., 143 F.R.D. 77, 87 (E.D. Pa. 1992), *citing* Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 100 (3rd Cir. 1988).

In any event, the recent filing of a Motion for Rule 11 Sanctions by the Defendant, which was presented in tandem with the Defendant's filing of a Motion for Summary Judgment, could be characterized as a transparent attempt to gain a tactical advantage in the litigation by smearing the Plaintiff and her counsel with the taint that generally flows from a motion for sanctions.  **Rule 11 should never be used as a litigation tactic for intimidating opposing counsel from asserting a meritorious position.  In re Cendant Corporation Derivative Action Litigation, 96 F. Supp. 2d 403, 406 (D.N.J. 2000),** *citing* **Edberg v. Neogen Corp., 17 F. Supp. 2d 104, 109 (D. Conn. 1998).**

Having to defend against a Motion for Sanctions places the accused litigant in the position of the proverbial "man in the street" who is confronted with the charge: *"Mr. Jones—when did you stop beating your wife?"* Mr. Jones, who may in fact have never lifted a finger in anger against his wife, is thereby thrust into the extremely uncomfortable position of having to defend himself against a preposterous accusation.  In other words, the accuser gains an unfair advantage in the debate, simply by virtue of having leveled a harsh accusation against Mr. Jones, who is thereby obligated by circumstances to engage in a discussion that he never should have been required to engage in.

This is precisely why the Plaintiff's response to the Motion for Sanctions should be *<u>deferred</u>* until such time that the Court has ruled on the Defendant's Motion for Summary Judgment.  If the Court denies the Defendant's Motion for Summary Judgment in whole or in part, then the Plaintiff obviously will be in a far better position to apply the Third Circuit's Rule 11 precedents to the case that is pending.  If the Court grants the Defendant's Motion for Summary Judgment, then the Plaintiff would still be in a far better position to apply the

Court's decision and reasoning on the Summary Judgment Motion to the Third Circuit's Rule 11 precedents. Obviously, not every losing plaintiff in a Title VII case is subject to Rule 11 sanctions. For example, even though the plaintiff actually lost the case in <u>Solomen v. Redwood Advisory Co.</u>, 183 F. Supp. 2d 748, 753 (E.D. Pa. 2002), as Judge Brody noted therein, said case still fell into the "heartland of employment disputes", and there were no Rule 11 implications.

> **B.   DEFENDANT'S RULE 11 ARGUMENTS MIRROR ITS MOTION FOR SUMMARY JUDGMENT ARGUMENTS.**
>
> **1.   For the Most Part, the Arguments Raised by the Defendant in its Motion to Dismiss and Then Again in its Motion for Summary Judgment Have Been Repeated in Defendant's Motion for Sanctions.**

There is another compelling reason for allowing the Plaintiff to defer her response to the Defendant's Motion for Rule 11 Sanctions, and that is, that the Defendant has not come forth with any intrinsically discrete reason or independent rationale for its claim that sanctions should be imposed on the Plaintiff. Defendant has essentially repeated the same arguments it has already made to the Court in its dispositive motions, thereby lending credence to the argument that the motion for sanctions is nothing more than a litigation strategy or tactic.

Raising Rule 11 arguments that essentially mirror basic defense arguments constitutes a fundamental flaw, and it reflects a misinterpretation on Defendant's part of what is needed to establish a Rule 11 violation. See <u>Roberts v. City of Philadelphia, et al.</u>, Civil Action No. 97-6710, 2001 U.S. Dist. LEXIS 13485 E.D. Pa. September 4, 2001) (defendants' Rule 11 arguments were virtually identical to their Section 1988 arguments, so their motion for Rule 11 sanctions was denied for the same reasons; the plaintiff's Section 1983 claims, though ultimately legally unsupportable, were not so lacking in merit that they could be described as

frivolous or unreasonable). Consequently, a ruling by the Court on the Defendant's Motion for Summary Judgment would have the effect of allowing the parties to discern if there is any independent basis for the issuance of Rule 11 sanctions in the case at bar.

    C.    **THE THREAT OF RULE 11 SANCTIONS CANNOT BE USED TO CHILL EFFECTIVE ADVOCACY IN A CIVIL RIGHTS CASE.**

        1.    **Civil Rights Plaintiffs Should Not Be Intimidated As They Attempt to Pursue Their Cases.**

Rule 11 should not be used to "chill" zealous advocacy. See Smith v. BIG Corp., 869 F.2d 194, 202 (3rd Cir. 1989); Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1091 (3rd Cir. 1988); Greiss v. Main Line Auto Wash, 1989 WL 89227 at *1 (E.D. Pa. August 1, 1989); Fed. R. Civ. P. 11 Advisory Committee Notes ("The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories."). See also, *e.g.*, Nichols v. The Stroh Brewery Company, Civil No. 89-0435, 1989 U.S. Dist. LEXIS 15891 (M.D. Pa. December 21, 1989) (Rule 11 sanctions are appropriate only if the filing of the complaint constituted abusive litigation or misuse of the court's process); Waltz v. County of Lycoming, et al., 974 F.2d 387, 390 (3rd Cir. 1992) (noting "widespread concern" that disparity in the imposition of sanctions may have a chilling effect upon creative advocacy, particularly in civil rights cases); Bridges v. Diesel Service, Inc., Civil Action No. 94-2101, 1994 U.S. Dist. LEXIS 9429 (E.D. Pa. July 13, 1994) (Court notes that Rule 11 sanctions should be reserved for those exceptional circumstances where the claim asserted is patently unmeritorious or frivolous, and refers to the need to avoid "chilling" Title VII litigation).

The Third Circuit has interpreted the language of Rule 11 to prescribe sanctions only in ***exceptional circumstances*** where a claim or motion is patently unmeritorious or frivolous.

Doering v. Union County Board of Chosen Freeholders, 857 F.2d 191, 194 (3rd Cir. 1988); Bensalem Township v.International Surplus Lines Insurance Co., 38 F.3d 1303, 1314 (3rd Cir. 1994). In other words, Rule 11 sanctions are appropriate "only if the filing of the complaint [or amended complaint] constituted abusive litigation or misuse of the court's process." Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3rd Cir.), cert. denied, 488 U.S. 848, 102 L.Ed.2d 101, 109 S.Ct. 128 (1988)). See also, e.g., Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3rd Cir. 1987); Morristown Daily Record, Inc. v. Graphic Comm. Union Local 8N, 832 F.2d 31, 32 n.1 (3rd Cir. 1987).

The current standard for determining whether a pleading or paper has been signed in contravention of Rule 11 is "reasonableness under the circumstances." Gaiardo, 835 F.2d at 482; Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 540 (3rd Cir. 1985). See also, e.g., Lawrence v. City of Bethlehem, et al., 1997 U.S. Dist. LEXIS 19167 (E.D. Pa. December 4, 1997); Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir. 1995). In the last analysis, the ultimate proof of whether or not the Plaintiff's claim is "reasonable under the circumstances" will be made manifest by virtue of the reasoning that will be found in the Court's summary judgment decision, which has yet to be issued.

### III. CONCLUSION

Based upon the foregoing arguments and case authorities, Plaintiff respectfully requests your Honorable Court to enter an Order in the case at bar, allowing the Plaintiff file her Memorandum of Law in Opposition to Defendant's Motion for Sanctions pursuant to F.R.C.P. No. 11 within fourteen (14) days subsequent to the issuance by this Court of a decision in response to the Defendant's Motion for Summary Judgment.

Respectfully submitted,

_____
DONALD P. RUSSO, ESQUIRE
Attorney for Plaintiff
117 East Broad Street
P.O. Box 1890
Bethlehem, PA  18016-1890
(610) 954-8093
Attorney I.D. #25873

**CERTIFICATE OF SERVICE**

    I, Donald P. Russo, Esquire, do hereby certify that on this date, I served a true and correct copy of the within Plaintiff's Memorandum of Law in Support of Motion To Defer Final Response to The Defendant's Motion For Sanctions Pursuant to F.R.C.P. No. 11, via regular mail, postage pre-paid, upon the following individual, addressed as follows:

Sean M. Hart, Esquire<br>
HEIMBACH, SPITKO & HECKMAN<br>
535 Hamilton Street, Suite 200<br>
Allentown, PA 18101

Date: _____            _____
                                                              DONALD P. RUSSO, ESQUIRE
                                                              Attorney I.D. #25873