UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROLYN BARTHOLOMEW,** : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. 02-CV-2876 |
| : | (Hon. Mary A. McLaughlin) |
| **ST. LUKE'S HOSPITAL - ALLENTOWN CAMPUS,** : | |
| : | |
| Defendant : | Jury Trial Demanded |

### MOTION FOR ATTORNEY'S FEES OF DEFENDANT, ST. LUKE'S HOSPITAL - ALLENTOWN CAMPUS

**AND NOW,** comes Defendant, St. Luke's Hospital - Allentown Campus ("St. Luke's"), by and through its counsel, Heimbach, Spitko & Heckman and files this Motion for Attorney's Fees. In support thereof, Defendant avers the following:

1. This case arises as a result of St. Luke's elimination of Plaintiff's at-will employment position and subsequent termination on or about June 13, 2000.

2. On or about September 21, 2000, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the elimination of her position and termination were motivated by age discrimination, gender discrimination, and unlawful retaliation for Plaintiff's purported opposition to discrimination.

3. By letter dated February 13, 2001, the EEOC, without so much as requesting a single document from Defendant, informed the Plaintiff that it was unlikely that continued investigation would result in a finding of unlawful discrimination.

4. Specifically, the EEOC investigator stated "the individual selected for the Patient Registration Coordinator position for which you applied is also a female and is *older* than you. Furthermore, you have not alleged retaliation for filing a charge of employment discrimination, participating in the investigation of such a charge and/or opposing a practice made illegal by any of the statutes enforced by the EEOC." (emphasis in original).

5. Most strikingly, nowhere in the over twenty-five (25) pages of questionnaire responses submitted by the Plaintiff to the EEOC are there any facts alleged to support Plaintiff's claim that her termination was due to her age, sex and/or in retaliation for opposing practices made unlawful by federal or state anti-discrimination laws.

6. Indeed, Plaintiff knew she was not subjected to discrimination as she asserted that reasons unrelated to alleged discrimination motivated Defendant's decisions and that an older female not only replaced her, but also received more favorable treatment from their supervisor.

7. On or about February 26, 2001, the EEOC dismissed Plaintiff's Charge for lack of merit and issued a Notice of Right-To-Sue.

8. Plaintiff initiated the present action by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Lehigh County, Pennsylvania on or about May 25, 2001.

9. Approximately eleven (11) months later, Plaintiff filed a Complaint on or about April 18, 2002 alleging that Defendant terminated Plaintiff's employment in violation of the Age Discrimination in Employment Act, 29 U.S.C. § § 621 et seq. ("ADEA")(Count I), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. ("Title VII")(Count II), and in retaliation for purported opposition to discrimination under Title VII and the ADEA (Count III) and the Pennsylvania Human Relations Act, 43 P.S. § 955 (d)("PHRA")(Count IV).

10.     On May 14, 2002, Defendant removed the Complaint to this Honorable Court based upon federal question jurisdiction.

11.     In response to a motion to dismiss, Plaintiff subsequently filed an Amended Complaint in which she maintained all of her federal claims but withdrew the time-barred claim under the PHRA, substituting instead a claim under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 et seq. ("WPCL")(Count IV).

12.     On or about April 29, 2003, the Honorable Mary A. McLaughlin granted Defendant's Motion for Summary Judgment dismissing all of Plaintiff's federal claims against St. Luke's.[1]

13.     The opinion holds that Plaintiff failed to establish a prima facie case of discrimination or retaliation under the ADEA and Title VII and that Defendant had articulated a legitimate non-discriminatory reason for taking the actions it did with respect to Plaintiff's employment.

14.     The opinion also holds that Plaintiff failed to make out any claims for age-based hostile work environment.

15.     Specifically, the Court found that discovery failed to produce any evidence of age discrimination that would be sufficient to raise even an inference of age discrimination.

16.     With regard to Plaintiff's claim under Title VII, the Court found that Plaintiff produced no evidence that similarly situated males had been treated more favorably than she.

17.     The Court also found that Plaintiff's retaliation claims were inadequate because

---

[1] However, due to an outstanding Motion for Sanctions against Plaintiff and her counsel, the Court did not enter an Order granting Defendant's Motion for Summary Judgment until May 13, 2003.

she did not engage in a protected activity.

18.   Lastly, the Court questioned if Plaintiff had actually plead a claim for a hostile work environment, but found that even if she did, she failed to produce evidence sufficient to support the claim.

19.   During the pendency of this litigation, Plaintiff demanded $100, 000.00 for complete settlement of her claims.

20.   In June 2002, shortly after Defendant removed this case to federal court, Defendant again offered Plaintiff the same severance package previously offered to her at the termination of her employment.

21.   This offer was made in June, 2002 because Defendant had not yet expended significant attorneys' fees and the case was in the very early stages of litigation.  This offer was rejected by Plaintiff and Defendant made no subsequent offers to settle this case.

22.   After Defendant filed its Motion for Summary Judgment and after oral argument on said Motion and after forcing Defendant to expend significant time, money and resources on fruitless discovery, Plaintiff offered to settle this case for the original severance package offered by St. Luke's at the time of her termination.

23.   Plaintiff's claims were not matters of first impression before the Court.  Rather, they were run-of-the-mill discrimination and retaliation claims.

24.   Nor was there any threat of injury to the Plaintiff in her case as she was offered six (6) months' salary, health insurance and job-placement services at the time of her termination from St. Luke's and she subsequently obtained employment at the Lehigh Valley Orthopedics Group where she has been working full-time for over two (2) years.

25.	Further evidence that Plaintiff was under no threat of injury is the fact that she waited approximately eleven (11) months after filing a Writ of Summons before she filed her Complaint.

26.	Defendant incurred attorney's fees in the amount of thirty-one thousand six hundred and sixty-three dollars and fifty cents ($31,663.50) in defending this action. This total was calculated based on an hourly rate of one hundred fifty-five dollars ($155.00) for the services of Scott C. Heckman, Esquire and one hundred forty dollars ($140.00) for the services of Sean M. Hart, Esquire.

27.	Attorney Heckman expended 86.7 hours on this case and Attorney Hart expended 122.7 hours.

28.	These rates are commensurate with rates charged by lawyers of similar skills, experience and reputation in the Lehigh Valley.

29.	Clearly, the fact that Plaintiff failed to satisfy the prima facie burns regarding all Counts of her Complaint makes the frivolous nature of Plaintiff's Complaint even more glaring. As such, and pursuant to the fee shifting provision of the ADEA 29 U.S.C. § 626(b)[2] and Title VII 42 U.S.C. § 2000e-5(k), Defendant should be awarded its attorney's fees incurred in defending this action.

---

[2] While the text of the ADEA does not specifically provide that attorney's fees can be awarded to prevailing defendants, numerous courts have held that such an award is proper. See e.g. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437-38 (11th Cir. 1998); Newhouse v. McCormick & Co., 130 F.3d 302, 304 (8th Cir. 1997); Miller v. State Chemical Mfg. Co., 706 F.Supp. 1166, 1172 (W.D.Pa. 1988).

**WHEREFORE,** Moving Defendant, St. Luke's Hospital - Allentown Campus, respectfully requests that this Honorable Court **GRANT** its Motion for Attorney's Fees and enter an Order in the form attached.

                Respectfully submitted,

                HEIMBACH, SPITKO & HECKMAN

                By_____
                    Sean M. Hart, Esquire
                    I.D. No. 82084
                    535 Hamilton St., Suite 200
                    Allentown, PA 18101
                    (610) 821-7000

                Attorneys for Defendant,
                St. Luke's Hospital - Allentown Campus

Date:   May 27, 2003

A:\Defendant's Motion for Atty fees.wpd

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CAROLYN BARTHOLOMEW,**        :
                                            :

|  |  |
|---|---|
| **Plaintiff** : |  |
| : |  |
| v. : | Civil Action No. 02-CV-2876 |
| : | (Hon. Mary A. McLaughlin) |
| **ST. LUKE'S HOSPITAL - ALLENTOWN CAMPUS,** : |  |
| : |  |
| **Defendant** : | Jury Trial Demanded |

## CERTIFICATE OF SERVICE

I, Sean M. Hart, Esquire, attorney for Defendant, St. Luke's Hospital - Allentown Campus, certify that on this 27th day of May, 2003, service of a true and complete copy of the above and foregoing Motion for Attorney's Fees of Defendant, St. Luke's Hospital–Allentown Campus and Defendant's Memorandum of Law in Support of its Motion for Attorney's Fees was made upon each party or attorney of record herein via first class mail properly addressed as follows:

> Donald P. Russo, Esquire
> 117 East Broad Street
> P.O. Box 1890
> Bethlehem, PA 18016-1890
>
> Attorney for Plaintiff

HEIMBACH, SPITKO & HECKMAN

By_____
　　Sean M. Hart